IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**CAROL RIPPETOE, individually and as**
**Personal Representative of the Estate of**
**Fred Rippetoe, deceased, FRED RIPPETOE, JR.,**
**DOROTHY ORTEGA and LOUIS TRUJILLO,**

    **Plaintiffs,**

vs.                                                    **No. 12-CV-0646 JAP-LFG**

**TAOS LIVING CENTER, a Limited Liability**
**Company, d/b/a TAOS LIVING CENTER,**
**LLC and UNKNOWN DEFENDANTS**
**1 THROUGH 10,**

    **Defendants.**

**MEMORANDUM OPINION AND ORDER**

On November 13, 2012, Plaintiffs filed PLAINTIFFS' MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE (Doc. No. 31) ("Motion for Voluntary Dismissal"). Defendant Taos Living Center ("TLC") opposes this motion and requests that the Court enjoin Plaintiffs' ongoing state proceedings or, in the alternative, that the Court condition its grant of the Motion for Voluntary Dismissal upon Plaintiffs' payment of TLC's attorney's fees and costs. *See* OPPOSITION TO PLAINTIFFS' MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE (Doc. No. 34) ("Opposition to Dismissal") at 4. The Court concludes that TLC has not demonstrated that Plaintiffs' voluntary dismissal would legally prejudice TLC, and that Plaintiffs' motion should be granted, but on the condition that Plaintiffs pay TLC's reasonable

1

attorney's fees and costs related to the motions filed in this court.[1]

## BACKGROUND[2]

This case arises from the death on April 19, 2010, of Fred Rippetoe. Mr. Rippetoe had been admitted into a hospital in Taos, New Mexico with a diagnosis of cellulitis, dementia and agitation, multiple myeloma with chronic anemia, and chronic kidney disease. Subsequently, Mr. Rippetoe was discharged from the hospital and entered TLC's facility to receive continued care and monitoring. However, two days later, Mr. Rippetoe was found unresponsive by a medical technician at TLC. He was transferred to the hospital but thereafter pronounced dead. Findings by the state Office of the Medical Investigator indicate that the cause of death was a blunt force injury to the head, which is presumed to have occurred as a result of a fall from standing height; Mr. Rippetoe apparently fell in his room at TLC sometime during the night before his death.

Plaintiffs, who are the decedent's wife, child, and stepchildren, filed an action for wrongful death, medical negligence, breach of fiduciary duties, unfair practices, and loss of consortium on May 16, 2012, in the Eighth Judicial District Court, County of Taos, New Mexico. On June 13, 2012, Defendant TLC removed the action to this Court under 28 U.S.C. Section 1441. TLC is a Louisiana limited liability company whose sole member is Parentis Salus Provideo, L.L.C., another Louisiana limited liability company; Plaintiffs are residents of New Mexico, California, and Washington. *See* NOTICE OF REMOVAL (Doc. No. 1) at 3. TLC then filed its ANSWER OF DEFENDANT, in which it generally denied Plaintiffs' allegations,

---

[1]Plaintiffs have also filed a MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT TO JOIN PARTY DEFENDANTS AND FOR REMAND (Doc. No. 10) ("Motion to Amend/Remand"). Because the Court is granting in part the Motion for Voluntary Dismissal, the Motion to Amend/Remand will be denied as moot.

[2]The factual allegations are taken from Plaintiffs' COMPLAINT TO RECOVER DAMAGES FOR WRONGFUL DEATH ARISING FROM NURSING HOME NEGLIGENCE AND FOR LOSS OF CONSORTIUM (Doc. No. 1-1) ("Complaint").

including that any of TLC's employees acted within the course and scope of employment or with the knowledge of TLC when engaging in any of the negligent acts alleged by Plaintiffs. *See* Doc. No. 8. Plaintiffs next filed a new Complaint in the Eighth Judicial District, County of Taos, New Mexico, naming four employees of TLC as defendants. *See* Motion for Voluntary Dismissal at 2. The state case has been stayed pending this Court's rulings on the outstanding motions. *See id.*

On July 13, 2012, Plaintiffs filed in this Court their Motion to Amend/Remand, seeking to join as Defendants the same four individuals named as defendants in the state Complaint, and, because the four individuals are New Mexico citizens, to have the case remanded to state court for lack of diversity jurisdiction. In response, Defendant TLC argues that Plaintiffs' sole motive for joining the four individual Defendants is to defeat diversity jurisdiction, and that Plaintiffs long had the information needed to identify the individuals, but unreasonably delayed adding them as Defendants. *See* DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT TO JOIN PARTY DEFENDANTS AND FOR REMAND (Doc. No. 19) ("Response to Motion to Amend/Remand") at 4. Plaintiffs reply that, on the contrary, they could not identify the individuals earlier, the Motion to Amend/Remand was made in good faith, and proceeding against the individuals in state court will provide Plaintiffs with additional relief. *See* PLAINTIFFS' REPLY TO DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT TO JOIN PARTY DEFENDANTS AND FOR REMAND (Doc. No. 21) ("Motion to Amend/Remand Reply") at 3-7.

On November 13, 2012, Plaintiffs filed their Motion for Voluntary Dismissal under Federal Rule of Civil Procedure 41(a)(2), seeking leave to dismiss without prejudice and without conditions. Plaintiffs assert that Defendants will suffer no legal prejudice if the motion is granted and that this Court has discretion to grant the motion even if Plaintiffs' only motive is to return

3

to state court. *See* Motion for Voluntary Dismissal at 4-5. Defendant TLC responds that the Motion for Voluntary Dismissal is premature because the Court has not yet ruled on Plaintiffs' Motion to Amend/Remand, and that Plaintiffs have not satisfied the standard for voluntary dismissal under Rule 41(a)(2) of showing that prejudice will not affect TLC if the Court grants Plaintiffs' motion. TLC contends that the Court must first rule on the jurisdictional issue raised, they say, by Plaintiffs' Motion to Amend/Remand. *See* Opposition to Dismissal at 2 (citing *Walter Kidde Portable Equip., Inc. v. Universal Sec. Instruments, Inc.*, 479 F.3d 1330, 1342 (Fed. Cir. 2007). TLC also argues that Plaintiffs' Motion for Voluntary Dismissal does not explain the need for dismissal, and that this failure to meet one of the factors in the Rule 41(a)(2) test should weigh heavily against the Court granting the Motion for Voluntary Dismissal. *See* Opposition to Dismissal at 3. In TLC's view, Plaintiffs are engaging in manipulative tactics designed to subvert the federal diversity jurisdiction statute, and should not be allowed to exit the federal forum when it is clear that they will return to state court. *See id*. at 3-4.

Plaintiffs reply that, first, there is no dispute over whether this Court has jurisdiction, because the Court has not yet granted Plaintiffs' Motion to Amend/Remand, which would add non-diverse Defendants. *See* PLAINTIFFS' REPLY TO DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE (Doc. No. 38) ("Voluntary Dismissal Reply") at 2. Plaintiffs further assert that they did "set forth six compelling explanations of the need for a dismissal" and that they did not file the Motion for Voluntary Dismissal for any impermissible or manipulative reason. *Id.* at 3.

## DISCUSSION

A.   **Standard Under Rule 41(a)(2)**

Rule 41(a)(2) governs voluntary dismissals after the opposing party has filed an answer or motion for summary judgment. Once a defendant has filed an answer, as TLC has done here, a

plaintiff may voluntarily dismiss an action only upon order of the court. The Tenth Circuit has articulated a non-exclusive four-factor test for district courts to use in determining when the defendant will be "legally prejudiced" so that voluntary dismissal should not be allowed; when there will not be such legal prejudice, "the district court normally should grant such a dismissal." *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997). Factors the Tenth Circuit has held that the district court should consider include 1) the opposing party's effort and expense in preparing for trial; 2) excessive delay and lack of due diligence on the part of the movant; 3) insufficient explanation of the need for a dismissal; and 4) the present stage of the litigation. *See id.* (citing *Phillips U.S.A., Inc. v. Allflex U.S.A., Inc.*, 77 F.3d 354, 358 (10th Cir. 1996). "Each factor need not be resolved in favor of the moving party for dismissal to be appropriate, nor need each factor be resolved in favor of the opposing party for denial of the motion to be proper." *Id.* The central issue "is whether the opposing party will suffer prejudice in light of the valid interests of the parties." *Clark v. Tansy*, 13 F.3d 1407, 1411 (10th Cir. 1993) (quotation marks and citation omitted). Additionally, it is important to note that "[t]he possibility that plaintiffs may gain a tactical advantage by refiling in state court is insufficient to deny a voluntary motion to dismiss without prejudice, especially when state law is involved." *Am. Nat. Bank & Trust Co. of Sapulpa v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir. 1991).

**B.**     **Application of Rule 41(a)(2) to This Case**

This Court has jurisdiction over the case under 28 U.S.C. Section 1441. The parties are completely diverse; Plaintiffs did not create a jurisdictional issue merely by filing the Motion to Amend/Remand, and no rule obliges the Court to address the Motion to Amend/Remand before ruling on the Motion for Voluntary Dismissal. Unless and until the Court grants Plaintiffs' Motion to Amend/Remand by allowing Plaintiffs to join as parties the individual non-diverse employees of TLC, the Court properly retains jurisdiction.

Applying the Tenth Circuit's list of nonexclusive factors for determining whether Defendants would be legally prejudiced if the Court granted Plaintiffs' Motion for Voluntary Dismissal, the Court finds that each factor weighs in favor of granting the motion. The litigation is still at a very early stage; to date the parties have engaged in no formal discovery or hearings apart from a scheduling conference, so TLC's effort and expense in preparing for trial will have been minimal. The first and fourth factors thus clearly weigh in favor of granting the dismissal, and TLC does not argue to the contrary. As for whether Plaintiffs have delayed excessively in motion practice or otherwise, TLC argues in its Response to Motion to Amend/Remand that Plaintiffs could have identified the proposed individual defendants much earlier based on paperwork in Plaintiffs' possession, and that the Court should take this into account at least in considering the Motion to Amend/Remand. *See* Response to Motion to Amend/Remand at 4. However, although the parties may have been in discussions for some time prior to the litigation, their time in federal court has been relatively short, and Plaintiffs filed both the Motion to Amend/Remand and the Motion for Voluntary Dismissal well within a reasonable time frame. The Court does not perceive that Plaintiffs have unreasonably delayed the litigation.

TLC focuses its argument on the claim that Plaintiffs insufficiently explain the need for dismissal, contending that Plaintiffs did not even articulate any such explanation. *See* Opposition to Dismissal at 3-4. However, while Plaintiffs may not have made a forceful case for the need for dismissal, they did provide some explanation, and the circumstances of the case support their motion. As Plaintiffs note, everyone relevant to the case, except for TLC's representatives, is Taos-based; all Plaintiffs prefer to litigate in state court; and no federal claim is involved. More importantly, Plaintiffs have already instituted a related action in state court that will deal with almost entirely the same issues as those in this federal court case. State courts have heavy case loads, but it makes sense to allow consolidation and thereby avoid the complication of parallel

litigation. Clearly, then, along with the initial presumption in favor of permitting voluntary dismissal, the Rule 41(a)(2) factors all weigh in favor of allowing Plaintiffs to end the litigation in this Court. Therefore, the Court will grant Plaintiffs' Motion for Voluntary Dismissal insofar as the Court will permit Plaintiffs to dismiss this case without prejudice.

The Court will not, however, grant the part of the Motion for Voluntary Dismissal in which Plaintiffs request that the motion be granted without conditions. TLC requests that the Court condition the voluntary dismissal "upon such terms and conditions as the Court deems proper," namely an award to TLC of the attorney's fees and other costs that TLC has incurred since the time TLC removed the case from state court. Opposition to Dismissal at 4 (citing *Stone v. Rockwell Int'l Corp.*, 282 F.3d 787, 810 (10th Cir. 2002)). Rule 41(a)(2) enables the Court to grant a motion for voluntary dismissal "on terms that the court considers proper." Although the Tenth Circuit has not ruled specifically on the issue, it has noted in dicta that "typically" costs are awarded. *See Stone*, 282 F.3d at 810. Other Circuits have ruled that such costs should be awarded, especially when the plaintiff plans to refile in state court, and many district courts have ruled accordingly. *See Marlow v. Winston & Strawn*, 19 F.3d 300, 304 (7th Cir. 1994) (costs should ordinarily be awarded); *Gassaway v. Jarden Corp.*, 2012 WL 984280 at *3 (D. Kan. Mar. 21, 2012) (awarding costs); *Fleming v. Joy Fin. Co.*, 1995 WL 739877 at *2 (E.D. La. Dec. 11, 1995) (awarding costs in light of plaintiff's intent to refile in state court). Plaintiffs argue that no condition should be imposed because TLC "has conducted no discovery and has expended no effort and expense in preparing for trial," and courts "should impose only those conditions which actually will alleviate harm to the Defendant." Voluntary Dismissal Reply at 4 (citing *Am. Nat. Bank & Trust Co. of Sapulpa*, 931 F.2d at 1412). It is true that because of the early stage of litigation, TLC's attorney's fees and costs should not be excessive; however, legal expenses for any period of time, whether in trial or not, are rarely de minimis, and TLC has borne the expense

of its attorneys' time in preparing filings in this Court. Therefore, the Court finds it appropriate, especially given Plaintiffs' clear intention to return to state court, to condition the dismissal on Plaintiffs' payment to TLC of TLC's reasonable attorney's fees and costs.

**IT IS ORDERED THAT:**

(1) PLAINTIFFS' MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE (Doc. No. 31) IS GRANTED ON THE CONDITION THAT PLAINTIFFS PAY DEFENDANT TAOS LIVING CENTER, L.L.C.'S REASONABLE ATTORNEY'S FEES AND COSTS.

(2) DEFENDANT TAOS LIVING CENTER, L.L.C. MUST, BY JANUARY 15, 2013, FILE APPROPRIATE AFFIDAVITS AND TIME RECORDS SUPPORTING ITS REQUEST FOR ATTORNEY'S FEES AND COSTS IN ACCORDANCE WITH D. N.M. L.R. CIV. 54.5(b).

(3) PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT TO JOIN PARTY DEFENDANTS AND FOR REMAND (Doc. No. 10) IS DENIED AS MOOT.

                                                                             */s/ James A. Parker*
                                                      SENIOR UNITED STATES DISTRICT JUDGE