IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**CAROL RIPPETOE, individually and as
Personal Representative of the Estate of
Fred Rippetoe, deceased, FRED RIPPETOE, JR.,
DOROTHY ORTEGA and LOUIS TRUJILLO,**

    Plaintiffs,

vs.                                                                                                  No. 12-CV-0646 JAP-LFG

**TAOS LIVING CENTER, a Limited Liability
Company, d/b/a TAOS LIVING CENTER,
LLC and UNKNOWN DEFENDANTS
1 THROUGH 10,**

    Defendants.

### MEMORANDUM OPINION AND ORDER

On January 10, 2013, Defendant Taos Living Center ("TLC") filed a MOTION FOR ATTORNEY'S FEES AND COSTS (Doc. No. 47) ("Motion for Attorney's Fees"), citing the Court's MEMORANDUM OPINION AND ORDER dated January 8, 2013, in which the Court granted Plaintiffs' MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE (Doc. No. 31) ("Order"), on the condition that Plaintiffs pay TLC's reasonable attorney's fees and costs. TLC attached to its Motion for Attorney's Fees an affidavit by TLC's outside counsel and redacted billing records. *See* AFFIDAVIT OF STEPHEN C. RESOR IN SUPPORT OF DEFENDANT'S REQUEST FOR FEES AND COSTS (Doc. No. 47-1) ("Resor Aff."); Salley, Hite, Mercer & Resor Billing Summaries (Doc. No. 47-2) ("Billing Summaries"). Plaintiffs partially oppose the Motion for Attorney's Fees on the basis that the fees are excessive and not reasonable. *See* PLAINTIFFS' RESPONSE AND MEMORANDUM IN PARTIAL OPPOSITION TO DEFENDANT'S MOTION FOR ATTORNEY'S FEES AND COSTS (Doc.

1

No. 48) ("Response"). The Court agrees with Plaintiffs that TLC's request is excessive, and that the Motion for Attorney's Fees should therefore be granted only in part.

TLC requests a total of $42,014.90 for the attorney's fees and costs billed by its outside counsel during the period of June 13, 2012 through January 8, 2013. *See* Motion for Attorney's Fees at 1. The bills related to work done by one partner and four associates at the rate of $185/hour, and by one law clerk at the rate of $65/hour.[1] *See* Resor Aff. at 2. "Fees related to federal court" totaled $39,967.90; "expenses related to federal court" totaled $2,047.00. *Id.*

Plaintiffs first argue that "a defendant is entitled only to recover, as a condition of dismissal under Fed. R. Civ. P. 41(a)(2), attorney's fees or costs for work which is not useful in continuing litigation between the parties," and that a large portion of the fees TLC claims were charged for work that is relevant to a pending state court suit by Plaintiffs against TLC. *See* Response at 2 (citing *Koch v. Hankins*, 8 F.3d 650, 652 (9th Cir. 1993)). Plaintiffs contend that 93.34 hours of the billed time for which fees are claimed in TLC's Motion for Attorney's fees related to "work not incurred from activity related solely to this action, for work useful in pending state litigation and for unnecessary work." Response at 14-15. Plaintiffs next ask that the Court pay only half the amount requested by TLC for work done on TLC's response to Plaintiffs' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT TO JOIN PARTY DEFENDANTS AND FOR REMAND (Doc. No. 10) ("Motion to Amend/Remand"). *See id.* at 15. Plaintiffs believe that the "expenditure of 98.7 hours of work product to draft [the response] is excessive and unreasonable," in particular because the response "fails to contain legal authority based upon research billed by Defendant." *Id.* In sum, Plaintiffs ask that the Court

---

[1] Plaintiffs do not challenge the reasonableness of these hourly rates.

award TLC only $15,617.35 in attorney's fees and costs. *See id.*

Because TLC has not replied to Plaintiffs' arguments, and because the Court agrees with Plaintiffs that $42,014.90 is an unreasonable amount to charge for a case that was in this Court for just under seven months, with no hearings or any significant amount of discovery, the Court will grant the Motion for Attorney's Fees only in part.

As to Plaintiffs' first argument, the Tenth Circuit has not ruled definitively on whether the attorney's fees to be awarded in cases of voluntary dismissal without prejudice should or should not include fees for related proceedings. However, this Court finds that the decisions in other Circuits and in several district courts in the Tenth Circuit are well-reasoned in holding that when the parties have ongoing litigation in another court or case, the attorney's fees awarded upon voluntary dismissal without prejudice should not include expenses for research, discovery, and legal arguments that will be useful in the other suit. *See, e.g.*, *Koch*, 8 F.3d at 652; *McCants v. Ford Motor Co.*, 781 F.2d 855, 860 (11th Cir. 1986); *Cauley v. Wilson*, 754 F.2d 769, 771-73 (7th Cir. 1985); *McLaughlin v. Cheshire*, 676 F.2d 855 (D.C. Cir. 1982); *Olsson v. Gross*, 2010 WL 2653464 (D. Kan. June 28, 2010) (not published); *Gonzales v. City of Topeka, Kan.*, 206 F.R.D. 280, 283 (D. Kan. 2001). A state court action by Plaintiffs against TLC, arising from the same facts and alleging the same legal claims as those in this case, is currently pending. Much of the work that TLC's counsel did while the case has been in this Court will also be applicable in the state court case. *See* Response at 1, 4-14. Plaintiffs identify $16,763.40 of fees charged for work that Plaintiffs contend will be useful in the state court action or that was unnecessary in this federal action.[2] TLC did not file a reply refuting Plaintiffs' contentions regarding those

---

[2]Plaintiffs' Response puts the sum of disputed fees at $17,267.90. *See* Response at 14. However, the itemized disputed fees set forth by Plaintiffs in the Response adds to $16,763.40. The Court will subtract only the latter sum of $16,764.40 from the $39,967.90 claimed by Defendants, as it is the amount specifically indicated by Plaintiffs' itemized list.

3

$16,763.40 of claimed fees. Awarding TLC only fees for work done in federal court that will not be useful in state court will compensate TLC fully. Therefore, the Court first will subtract $16,763.40 from the $39,967.90 of requested fees.

Next, Plaintiffs argue that the amount of time spent by TLC's counsel performing legal research for TLC's response to Plaintiffs' Motion to Amend/Remand was unnecessary because the research product was not incorporated into the response brief. TLC's failure to respond to Plaintiffs' argument may be interpreted as an implied agreement that the work was "excessive and unreasonable." The Court will accordingly award only half the claimed amount for the time spent on that response brief, or $9,129.75. As a result, the total amount of attorney's fees and costs to be awarded to TLC will be attorney's fees of $14,074.75 ($39,967.90 – $16,763.40 – $9,129.75), along with unchallenged costs of $2,047.

**IT IS ORDERED THAT**

(1) Defendant Taos Living Center's MOTION FOR ATTORNEYS' FEES AND COSTS (Doc. No. 47) is granted in part, to the extent of $14,074.75 in attorney's fees and $2,047 in costs; and

(2) Plaintiffs must pay Defendant Taos Living Center a total of $16,121.75 for attorney's fees and costs by February 20, 2013.

_____
SENIOR UNITED STATES DISTRICT JUDGE